IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

MATTHEW N.P. JONES,                :
                                   :
            Plaintiff,             :
                                   :
      v.                           : Civil Action No. 18-1218-RGA
                                   :
DR. DONALD HAZLETT,                :
                                   :
            Defendant.             :

Matthew Jones, Greenwood, Delaware.    Pro Se Plaintiff.

**MEMORANDUM OPINION**

October , 2018
Wilmington, Delaware


**ANDREWS, U.S. District Judge:**

Plaintiff Matthew Jones, who appears *pro se* and has been granted leave to proceed *in forma pauperis*, filed this action on August 9, 2018. (D.I. 2). Plaintiff asserts jurisdiction by reason of a federal question. The Court proceeds to screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

## BACKGROUND

Plaintiff alleges that in 2007, it was decided at a court hearing that he should be released by Dover Behavioral Health Systems Hospital and freed on his own recognizance. Plaintiff alleges that Defendant, Dr. Hazlett, and Dover Behavioral Health disobeyed court orders and transferred him to the Delaware Psychiatric Center. Plaintiff discusses his mental health condition and alleges he was forced to take medications. He also alleges misdiagnosis and intolerable poisonings in violation of the Eighth Amendment. Plaintiff alleges Defendant's actions have prevented him from owing a firearm in violation of the Second Amendment and that Defendant falsified Plaintiff's records in violation of the Thirteenth Amendment.

Plaintiff alleges he has sustained injuries from head to toe. He seeks two billion dollars in damages.

## DISCUSSION

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The Court

1

must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 U.S. at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the Court must grant Plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

Plaintiff proceeds *pro se* and, therefore, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Under Rule 12(b)(6), a motion to dismiss may be granted only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). "Though 'detailed factual allegations' are not required, a complaint must do more than

simply provide 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555). In addition, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 135 S.Ct. 346, 347 (2014). A complaint may not be dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 346.

When reviewing the sufficiency of a complaint, a court should follow a three-step process: (1) consider the elements necessary to state a claim; (2) identify allegations that are merely conclusions and are therefore are not well-pleaded factual allegations; and (3) accept any well-pleaded factual allegations as true and determine whether they plausibly state a claim. *See Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016); *Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014). Deciding whether a claim is plausible will depend on the facts and circumstances alleged, and requires the court to draw on its common sense.

The Court liberally construes the complaint as attempting to raise claims under 42 U.S.C. § 1983 given that Plaintiff refers to various amendments of the United States Constitution. Plaintiff alleges the wrongful actions took place in 2007.

For purposes of the statute of limitations, § 1983 claims are characterized as personal injury actions. *Wilson v. Garcia*, 471 U.S. 261, 275 (1985). In Delaware, § 1983 claims are subject to a two-year limitations period. *See* 10 Del. C. § 8119; *Johnson v. Cullen*, 925 F. Supp. 244, 248 (D. Del. 1996). Section 1983 claims accrue "when the plaintiff knew or should have known of the injury upon which its action is based." *Sameric Corp. v. City of Philadelphia*, 142 F.3d 582, 599 (3d Cir. 1998).

The statute of limitations is an affirmative defense that generally must be raised by the defendant, and it is waived if not properly raised. *See Benak ex rel. Alliance Premier Growth Fund v. Alliance Capital Mgmt. L.P.,* 435 F.3d 396, 400 n.14 (3d Cir. 2006); *Fassett v. Delta Kappa Epsilon,* 807 F.2d 1150, 1167 (3d Cir. 1986). "Although the statute of limitations is an affirmative defense, *sua sponte* dismissal is appropriate when 'the defense is obvious from the face of the complaint and no further factual record is required to be developed.'" *Davis v. Gauby,* 408 F. App'x 524, 526 (3d Cir. 2010) (quoting *Fogle v. Pierson,* 435 F.3d 1252, 1258 (10th Cir. 2006)). Under this scenario, a court may dismiss a time-barred complaint *sua sponte* under 28 U.S.C. § 1915(e)(2)(B)(ii).

Plaintiff complains of acts occurring in 2007. No other dates are referred to in the Complaint. Plaintiff did not file his Complaint until August 9, 2018. Hence, it is evident from the face of the Complaint that the claims are barred by the two-year limitations period.

Plaintiff asserts, "There is no statute of limitations in capital cases." (D.I. 2 at 2). But that proposition is irrelevant, as this is not a capital case.

Although Plaintiff does not assert that the statute of limitations is tolled, that doctrine would also not be available to him. Among the thirty-three lawsuits Plaintiff has filed in the last four years, one, filed November 4, 2015, was against, among others, Dover Behavioral Health and Dr. Mirza, with a date of occurrence in 2007 and 2015, including the allegation that "DBH disregarded Judge's Orders to Discharge me and not send me [to Delaware Psychiatric Hospital]." (Jones v. Dr. K. Mirza, No. 15-1017, D.I. 1 at 4-5). That is essentially the same allegation as in this case ("Dr. Hazlett and the

DBH, disobeyed Court Orders and transferred me to the Delaware Psychiatric Center." D.I. 2 at 3). Plaintiff was able to make this allegation in 2015, and, thus, even if there were some reason that the statute of limitations were tolled until 2015, it would have started then, and have run no later than 2017.

Because Plaintiff's allegations are time-barred, and it is clear that Plaintiff cannot make any allegations that would make them not time-barred, the Court will dismiss the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## CONCLUSION

For the above reasons, the Court will: (1) dismiss as moot Plaintiff' motion for default judgment (D.I. 5); and (2) dismiss the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The Court finds amendment futile.

An appropriate order will be entered.